NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**APPLE INC.,**
*Appellant*

**v.**

**SMART MOBILE TECHNOLOGIES LLC,**
*Appellee*

---

2024-1419

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-01002.

---

Decided:  January 13, 2026

---

NITIKA GUPTA FIORELLA, Fish & Richardson P.C., Wilmington, DE, argued for appellant.  Also represented by ALEXANDER MICHAEL PECHETTE, Boston, MA; DANIEL HARAN WADE, New York, NY; DEBRA JANECE MCCOMAS, Haynes and Boone, LLP, Dallas, TX; ANGELA M. OLIVER, Washington, DC; LAURA VU, San Francisco, CA.

PHILIP GRAVES, Graves & Shaw LLP, Los Angeles, CA, argued for appellee.  Also represented by GREER N. SHAW.

---

Before DYK, CHEN, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Apple Inc. appeals the final written decision of the Patent Trial and Appeal Board, determining that Apple did not prove by a preponderance of the evidence that the challenged claims of U.S. Patent No. 9,191,083 are unpatentable under 35 U.S.C. § 103. For the following reasons, we vacate and remand the Board's final written decision.

Apple raises two primary issues on appeal. First, Apple challenges the Board's construction requiring the "plurality of antennas" to include at least some bidirectional antennas. Second, Apple argues that the Board erred by not addressing Apple's alternative arguments made in response to Smart Mobile Technologies LLC's claim construction proposed after institution. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

I

We begin with the Board's claim construction. Claim 1 of the '083 patent is representative and recites:

> 1. A network box which is portable and wireless enabled comprising:
>
> *a plurality of antennas*;
>
> a plurality of ports; and
>
> a communication component coupled to the plurality of antennas, the communication component including a processor, a transmitter, and a receiver,
>
> the communication component configured to transmit a first data stream by simultaneously transmitting a first plurality of signal streams using *the plurality of antennas*, the first plurality of signal streams collectively representing the first data stream,

the communication component configured to receive a second data stream by simultaneously receiving a second plurality of signal streams using *the plurality of antennas* and generating the second data stream from the second plurality of signal streams;

wherein the communication component is configured to communicate via a first frequency band using a wireless communication protocol;

wherein the device is configured to process the first data stream and the second data stream in parallel and to process multiple channels; and

wherein the portable network box device is configured to transmit and receive a plurality of data from and to a separate network switch box over at least one network path.

U.S. Patent No. 9,191,083 col. 11 l. 56–col. 12 l. 14 (emphases added).  The Board "determine[d] the claims require a set of antennas in which at least some of the antennas are for *both* transmitting and receiving."  J.A. 13.  It disagreed with Apple "that two separate sets of antennas—one set of transmitting antennas and a separate, nonoverlapping set of receiving antennas—fall within the scope of the challenged claims."  *Id.*

We agree with the Board that "the plain language of the claims[,] read in the context of the Specification," requires at least some bidirectional antennas.  J.A. 15.  The plain language of the claim refers to a "plurality of antennas" and "using the plurality of antennas" to transmit and receive.  *See* '083 patent col. 11 l. 56–col. 12 l. 14.  And, as noted by the Board, the specification "repeatedly and consistently describes using the same antennas for both transmitting and receiving data streams."  J.A. 14 (emphases removed); *see, e.g.*, '083 patent Fig. 4, col. 4 ll. 14–36 (disclosing a "dual antenna, dual T/R unit"); *see also*

'083 patent Fig. 9, col. 6 l. 64–col. 7 l. 20 (depicting multiple channels 912 between two wireless devices as double-ended arrows). While our precedent counsels against reading embodiments from the specification into the claims, the Board's interpretation is consistent with the specification and the claim language, which we read as being directed to this embodiment.

For these reasons, we agree with and adopt the Board's construction that the challenged claims require at least some bidirectional antennas. We note that Smart Mobile agrees that the Board's construction does not require antennas that simultaneously transmit and receive but only "that at least some of the antennas in the plurality be switchable between a receive and a send mode." Oral Arg. at 14:32–14:51, https://www.cafc.uscourts.gov/oral-arguments/24-1419_12032025.mp3.

## II

We move to Apple's argument that the Board erred in "declin[ing] to consider [Apple's] alternative argument" that, even if the Board properly interpreted the challenged claims to require some bidirectional antennas, Apple's prior art reference, Paulraj,[1] satisfies that limitation. Appellant's Br. 24–25. Apple analogizes the circumstances here to those in *Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374 (Fed. Cir. 2023), where we vacated the Board's decisions and, on remand, ordered the Board to consider the petitioner's arguments made in response to the patent owner's claim construction proposed after institution. We agree with Apple.

In *Axonics*, the Board, at institution, determined "no term require[d] express construction." 75 F.4th at 1378 (citation omitted). After institution, the patent owner proposed a new construction that it did not raise in its

---

[1]    U.S. Patent No. 6,351,499.

preliminary response. *Id.* In reply, the petitioner put forth arguments that even under the patent owner's newly proposed construction, the prior art references still satisfied the challenged limitations. *Id.* at 1379. In support, the petitioner submitted a supplemental expert declaration. *Id.* The Board refused to consider the petitioner's evidence under the new construction and found that the petitioner "had not identified anywhere in the petition" where arguments directed to the new construction "had originally been made and, for that reason, considered them to be improper reply arguments." *Id.* We vacated, holding that "where a patent owner in an IPR first proposes a claim construction in a patent owner response, a petitioner must be given the opportunity in its reply to argue and present evidence . . . under the new construction." *Id.* at 1384.

This case falls squarely under *Axonics*. Here, the patent owner, Smart Mobile, did not propose its understanding of the scope of the limitations at issue—"plurality of antennas" and "using the plurality of antennas"—until its response after institution. *See* J.A. 11 (citing J.A. 1374, 1378–81). Then the petitioner, Apple, presented argument and evidence in its reply that even under Smart Mobile's new interpretation, Paulraj still satisfied the limitations. *See* J.A. 16 (citing J.A. 1618–22). The Board, in the final written decision, construed "plurality of antennas" and "using the plurality of antennas" substantially in line with Smart Mobile's understanding. *See* J.A. 13 ("Although we do not understand the claims to require both transmission and reception 'via all antennas' all of the time, we determine the claims require a set of antennas in which at least some of the antennas are for *both* transmitting and receiving."). But notably, the Board refused to consider Apple's reply arguments because it determined those arguments were "not grounded in or supported by the Petition or within the scope of reasonable reply arguments." J.A. 16; *see also Axonics*, 75 F.4th at 1379. In so refusing, the Board erred.

By adopting a construction proposed after institution and subsequently refusing to consider argument and evidence in direct response to that newly proposed construction, the Board did not allow Apple an adequate opportunity to respond. *See Axonics*, 75 F.4th at 1383 ("[U]nder the APA, when the Board adopts a new claim construction following institution, an IPR petitioner must have adequate notice and an opportunity to respond under the new construction. In particular, the petitioner must be afforded a reasonable opportunity in reply to present argument and evidence under that new construction."). Accordingly, we vacate and remand for the Board to consider Apple's evidence presented in reply.

### III

For the foregoing reasons, we adopt the Board's claim construction. We also vacate the Board's decision and remand for the Board to consider Apple's reply arguments and evidence in the first instance.

**VACATED AND REMANDED**

COSTS

No costs.